```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**REGINALD L. McGLOTHEN,**

               **Petitioner,**

      v.                          CASE NO. 12-3132-RDR

**LISA J.W. HOLLINGSWORTH,**

               **Respondent.**

<u>**O R D E R**</u>

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has neither paid the filing fee of $5.00 nor submitted a motion to proceed in forma pauperis. The court thus finds that Mr. McGlothen has not satisfied the statutory filing fee prerequisites.

Petitioner is currently serving a sentence imposed in the Western District of Missouri upon his conviction of felon in possession of a firearm. He claims that his conviction and sentence are void on several grounds including that the indictment "failed to plead the requisite elements of the crime" and that the "convicting federal court" lacked jurisdiction.

Even though petitioner baldly states that he is attacking the execution of his sentence, the allegations in his petition are clearly challenges to his federal conviction instead. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the

>   sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* That section additionally provides:

>   An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* It is well settled that a motion under § 2255, which must be filed in the district that imposed sentence, is the "exclusive remedy" for challenging a conviction unless there is a showing that the remedy is inadequate or ineffective. *See 28 U.S.C. § 2255; Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). That remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity. Examples of claims appropriately brought under § 2241 are challenges to sentence credit or good time calculations, disciplinary actions and parole decisions. A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

Petitioner does not disclose whether or not he raised his claims on direct appeal to the Eighth Circuit Court of Appeals. Nor does he disclose if he has already litigated his claims by § 2255 motion in the

sentencing court, the denial of which could also have been appealed. Even if he has "exhausted" his direct criminal appeal and a § 2255 motion, it would not entitle him to additional collateral review of challenges to his conviction by a different federal district court under § 2241. In addition, it is well-settled that the fact that a federal inmate may be precluded from filing a second and successive § 2255 motion does not establish that the remedy is ineffective. *Sines v. Wilner*, 609 F.3d 1070 (10th Cir. 2010); *see Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.)(unpublished)[1], *cert. denied*, 547 U.S. 1159 (2006); *Caravalho*, 177 F.3d at 1178. Even an erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective. *See Sines*, 609 F.3d at 1073. In short, this court simply does not have jurisdiction to hear petitioner's challenges to his federal convictions entered by another federal district court. Haugh, 210 F.3d at 1150.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted provisional leave to proceed in forma pauperis for the sole purpose of dismissing this action.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief denied, without prejudice.[2]

**IT IS SO ORDERED.**

**DATED: This 20th day of July, 2012, at Topeka, Kansas.**

---

[1] This unpublished opinion is cited as persuasive authority only, and not as binding precedent.

[2] The court declines to construe this as a § 2255 motion and transfer it to the sentencing court because it appears likely that Mr. McGlothen has already filed such a motion, and he is required by statute to obtain authorization from the appropriate Circuit Court before a second and successive § 2255 motion may be filed. He has not submitted the filing fee, and thus does not lose the fee if the matter is not transferred.

s/RICHARD D. ROGERS
United States District Judge